IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRAYTONIA BADGER**                                                                **PETITIONER**

v.                              NO. 2:22-cv-00027 DPM-PSH

**BUREAU OF PRISONS**                                                          **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, petitioner Craytonia Badger ("Badger") challenges the computation of his federal sentence by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. It is recommended that the petition be dismissed because part of his challenge is still premature and the remaining parts of his challenge are without merit.

The procedural history of this case is a bit complicated as it involves three different jurisdictions. The undersigned is not writing on a blank slate in outlining that history, though, because it was summarized in decisions dismissing Badger's two earlier challenges to his federal sentence: <u>Badger v. Bureau of Prisons</u>, 2:19-cv-00140-DPM, and <u>Badger v. Bureau of Prisons</u>, 2:20-cv-00217-BSM. In the former case, United States District Judge D.P. Marshall Jr., adopted the report and recommendation of United States Magistrate Judge Jerome T. Kearney as modified and found the history to be as follows:

> On April 8, 2016, Petitioner Craytonia Badger, appeared before the United States District Court for the Northern District of Mississippi pursuant to a writ of habeas corpus ad prosequendum for pending federal charges there in Case No. 1:16-cr-00014-001, charging him with possession of counterfeit/unauthorized access devices. ... At the time, he was in the custody of the Arkansas Department of Correction

(ADC) serving a fifteen (15) year sentence for charges out of Columbia County (Arkansas) Circuit Court in Case No. 2015-126 (commercial burglary) and Case No. 2015-177 (furnishing prohibited articles). ... The federal court sentenced Badger to sixty-three (63) months imprisonment on January 25, 2017, and ordered the federal court sentence "to run consecutive to any undischarged term of imprisonment in Columbia County, Arkansas, Circuit Court Case No. 2015-177." ... The United States Marshals Service returned Badger to ADC custody on January 27, 2017. ...

      On February 16, 2017, the State of Arkansas, through its Columbia County Circuit Court Deputy Prosecuting Attorney, filed a Response to Badger's Motion to Dismiss charges in Case No. 14CR-16-7. ... In it, the State averred that Badger had been arrested and charged with third-degree escape, first-degree mischief, breaking or entering and commercial burglary, and that he had not appeared on those charges due to state-custody interruptions. ... Thereafter, on July 26, 2017, Badger received a seven (7) year sentence in Amite County (Mississippi) for burglary of a storehouse in Case No. 15-KR-016. ... The judgment in that case was ordered to run consecutive to any sentence Badger was already serving. It also noted Badger was entitled "to credit for any and all days actually in jail in Amite County, Mississippi from his arrest on this charge until his trial. He is not entitled to credit for any time served on other sentences outside of the State of Mississippi." ...

      On February 12, 2018, the Columbia County (Arkansas) Circuit Court issued a Pickup Order for Badger in Case No. 14CR-16-7. ... On February 22, 2018, Badger completed his state sentences for Columbia County (Arkansas) Case Nos. 2015-126 and 2015-177. He remained in the custody of the State of Arkansas for the pending charges in Columbia County (Arkansas) Case No. 14CR-16-7 and was not transferred to federal custody to begin his sentence. Additionally, Badger still had the seven-year sentence out of Amite County (Mississippi) he had to serve in Case No. 15-KR-016.

> In July 2018, Badger requested from the BOP's Designation and Sentencing Computation Center (DSCC) that the BOP consider running his federal sentence concurrent with his state-court sentence in Cases 2015-126 and 2015-177. ... On August 15, September 6, and November 8, 2018, the BOP responded to Badger's requests for a credit towards his federal sentence in Case No. 1:16-cr-00014-001, for time spent in state custody. ... In response to the inquiry for credit, the BOP contacted the sentencing federal court to glean its intent on how Case No. 1:16-cr-00014-001 should run against the Amite County (Mississippi) Case No. 15-KR-016, and Columbia County (Arkansas) Case No. 14CR-16-7. ... On November 8, 2018, the Mississippi federal sentencing court responded that its intent was for federal Case No. 1:16-cr-00014-001 to run consecutive to any other sentence. ... In the November 8, 2018, letter, DSCC notified Badger it lacked authority to make a retroactive designation. ... On November 28, 2018, the Columbia County (Arkansas) Circuit Court sentenced Badger in Case No. 14CR-16-7 to sixty (60) years' imprisonment. ... The judgment noted Badger was not entitled to any jail-time credit. ... The Mississippi Department of Corrections lists Badger's tentative release date as July 24, 2024. ... The Arkansas Department of Correction notes Badger's parole/transfer eligibility date as November 17, 2038. ...

See Badger v. Bureau of Prisons, 2:19-cv-00140-DPM-JTK, 2020 WL 1873604, 2 (E.D.Ark. March 5, 2020), report and recommendation adopted as modified, Badger v. Bureau of Prisons, 2:19-cv-00140-DPM, 2020 WL 1873560 (E.D.Ark. April 14, 2020).

In 2:19-cv-00140-DPM, filed in November of 2019, Badger alleged that the Bureau of Prisons ("BOP") failed to provide him jail credit on his federal sentence from February of 2018 to November of 2018 and failed to consider

his request for a nunc pro tunc designation. In April of 2020, Judge Marshall dismissed the case as premature. Judge Marshall observed the following in dismissing the case:

> ... When Badger enters BOP custody, the Bureau will compute the time remaining on his federal sentence. If Badger disagrees with that calculation, then he may exhaust his administrative remedies and file a petition for a writ of habeas corpus in the appropriate Court at that time. But until that computation is completed, this challenge his premature.

See Badger v. Bureau of Prisons, 2020 WL 1873560, 1.

In 2:20-cv-00217-BSM, filed in October of 2020, Badger raised the same issues he raised in 2:19-cv-00140-DPM. United States District Judge Brian S. Miller dismissed 2:20-cv-00217-BSM in December of 2020, finding that Badger's challenge was still premature. In so finding, Judge Miller rejected the objections Badger filed in opposition to the report and recommendation prepared by United States Magistrate Judge Beth Deere. In doing so, Judge Miller found the following:

> Badger objects to Judge Deere's recommended disposition, arguing that the Arkansas Department of Corrections (ADC) relinquished its jurisdiction over him when he was paroled on February 22, 2018 and that the federal government assumed primary jurisdiction over him. Badger contends that the BOP had an obligation to take him into custody once he was paroled. Badger's argument fails for two

> reasons. First, prisoners have no right to contest issues of jurisdiction and custody involving multiple sovereigns. <u>Tavarez v. United States Attorney General</u>, 668 F.2d 805, 809 (5th Cir. 1982) ("[t]he question of jurisdiction and custody is one of comity between the two governments and not a personal right of the prisoner"). Given his state prison sentence in Mississippi and the pending charges he faced in Arkansas, the BOP properly exercised it discretion in declining to take Badger into custody. <u>See</u> <u>Derengowski v. U.S. Marshal</u>, 377 F.2d 223, 224 (8th Cir. 1967). Second, as 18 U.S.C. section 3585(a) provides, a sentence of imprisonment only commences on the date that the federal government has primary jurisdiction over a defendant and has physical custody of that defendant. <u>See</u>, e.g., <u>Johnson v. Gill</u>, 883 F.3d 756, 764 (9th Cir. 2018). Even if the federal government had primary jurisdiction over Badger once he was paroled, Badger was never taken into physical custody and therefore his claims are not permitted to proceed at this time.

<u>See</u> <u>Badger v. Bureau of Prisons</u>, 2020 WL 7770922, 1.

Badger began the case at bar in February of 2022. In his initial petition, he raised a novel claim. He maintained that the BOP should be ordered to compute his federal sentence as having begun on either the date he was ordered to pay a one hundred dollar special assessment, <u>i.e.</u>, January 25, 2017, or the date he mailed a check for the assessment, <u>i.e.</u>, October 20, 2020. In a subsequently filed amended petition, Badger additionally maintained that the BOP should be ordered to consider running his federal sentence concurrent with his state sentence or, alternatively, declare federal jurisdiction as the primary jurisdiction.

For the reasons that follow, Badger's petition should be dismissed. First, his challenge to the computation of his federal sentence is still premature as he is not yet in BOP custody. As Judge Marshall observed, when Badger enters BOP custody, the BOP will compute the time remaining on his federal sentence. If Badger disagrees with the computation, he may pursue an administrative remedy and, if unsuccessful, file a petition for a writ of habeas corpus in the appropriate court. Until the computation is completed, his challenge his premature.

Second, there is no merit to Badger's claim that his federal sentence began on either the date he was ordered to pay a one hundred dollar special assessment or the date he mailed a check for the assessment. A federal sentence does not commence on the date a defendant is ordered to pay the assessment or mails a check for the assessment.[1] A federal sentence commences on "the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served." See 18 U.S.C. 3585(a).

---

[1] Badger cites United States v. Bass, 310 F.3d 321 (5th Cir. 2002), for the proposition that an assessment constitutes a punishment, and a federal sentence commences on the date the assessment is paid. The undersigned disagrees for the reason provided by the BOP in its response. See Docket Entry 11 at CM/ECF 5-6.

Third, there is no merit to Badger's claim that the BOP should be ordered to consider running his federal sentence concurrent with his state sentence or, alternatively, declare federal jurisdiction as the primary jurisdiction. Badger raised the two-fold claim in his objections to Judge Deere's report and recommendation, and Judge Miller rejected the claim. The Mississippi federal sentencing court has made clear its intent for the federal sentence to run consecutive to any other sentence; prisoners have no right to contest issues of jurisdiction and custody involving multiple sovereigns; and even if the federal government had primary jurisdiction over Badger once he was paroled, he was never taken into physical custody.

Given the foregoing, the undersigned recommends that Badger's petition be dismissed. His claim that involves a challenge to the computation of his federal sentence should be dismissed without prejudice. His remaining claims should be dismissed with prejudice. Specifically, his claim that his federal sentence began on either the date he was ordered to pay the one hundred dollar special assessment or the date he mailed a check for the assessment; and his claim that the BOP should be ordered to consider running his federal sentence concurrent with his state sentence or, alternatively, declare federal jurisdiction as the

primary jurisdiction, should be dismissed with prejudice. All requested relief should be denied, and judgment should be entered for the BOP.

DATED this 21st day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE